IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>AMERICAN RISK INSURANCE COMPANY, INC.,<br><br>    *Defendant*. | CASE NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff Lakeview Loan Servicing, LLC ("**Lakeview**") sues Defendant American Risk Insurance Company, Inc. ("**ARI**"), and states as follows:

**I. Introduction**

1. This is a suit under a property insurance policy for payment of a fire loss claim.

**II. Parties**

2. Lakeview is a Delaware limited liability company with its principal place of business in Florida. Lakeview's sole member is Bayview MSR Opportunity Corp., which is a Delaware corporation with its principal place of business in

Florida. Lakeview is a citizen of Delaware and Florida for purposes of diversity jurisdiction.

3. ARI is a Texas corporation with its principal place of business in Texas. ARI is a citizen of Texas for purposes of diversity jurisdiction.

### III. Jurisdiction and Venue

4. The amount in controversy exceeds $75,000, exclusive of costs and interest. Specifically, in this lawsuit, Lakeview seeks at least $198,800 (the dwelling limit of liability), exclusive of attorneys' fees, costs and interest.

5. As the parties are diverse and the amount in controversy requirement is met, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

### IV. General Allegations

#### A. The Loan and the Deed of Trust

7. On April 9, 2021, Elsie Castillo ("**Castillo**") purchased property located in the Northern District of Texas, at 2021 Lake Trail Drive, Forney, Texas (the "**Property**"), more particularly described as:

> LOT 25, BLOCK 11, HEARTLAND TRACT A PHASE 2C, AN ADDITION TO KAUFMAN COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF

RECORDED IN CABINET 2, ENVELOPE 779, OF THE PLAT RECORDS OF KAUFMAN COUNTY, TEXAS.

8. On April 9, 2021, Castillo, as "Borrower," executed a Deed of Trust in favor of Everett Financial, Inc., d/b/a Supreme Lending, as "Lender." The Deed of Trust was filed in the real property records of Kaufman County under Instrument Number 2021-0014864. A true and correct copy of the Deed of Trust is attached hereto as Exhibit 1.

9. Among other things, the Deed of Trust provided that:

> TRANSFEROF RIGHTS IN THE PROPERTY. The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Kaufman
>
> LOT 25, BLOCK 11, HEARTLAND TRACT A PHASE 2C, AN ADDITION TO KAUFMAN COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET 2, ENVELOPE 779, OF THE PLAT RECORDS OF KAUFMAN COUNTY,TEXAS.
>
> TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument.

> All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property ….

10. As a result, MERS, as nominee for Lender and Lender's successors and assigns, possessed legal title to the Property as of April 9, 2021.

11. With respect to insurance, the Deed of Trust provided, in Section 5, inter alia, that:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage; and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. …
>
> All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. …

12. In the event of a foreclosure sale of the Property resulting in the Lender's acquisition of title to the Property, the Deed of Trust assigned all rights to insurance proceeds to the Lender:

> [I]f Lender acquires the Property under Section 24 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any

> other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

13. On February 28, 2022, the Deed of Trust was assigned to Lakeview. A copy of the Corporate Assignment of Deed of Trust is attached as Exhibit 2.

### B. The Insurance

14. On March 29, 2022, Defendant American Risk Insurance Company, Inc. ("**ARI**"), issued Texas Homeowner's Policy numbered HB117332-01 (the "**Policy**") for the benefit of Castillo, with Lakeview as the loss payable mortgagee listed on the Declarations Page. A true and correct copy of the Policy is attached hereto as Exhibit 3.

15. The Policy provided coverage on the Property for one year and provided in COVERAGE A (DWELLING), SECTION 1 – CONDITIONS, ¶ 14(b), that:

> We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear.

### C. The Foreclosure & The Fire Loss

16. Castillo defaulted under the Deed of Trust. On September 6, 2022, Lakeview, as "Buyer," purchased the Property at auction for $220,000. The

Substitute Trustee's Deed was executed on September 20, 2022, and recorded on September 30, 2022, in the real property records of Kaufman County, Texas, as Instrument No. 2022-0037168. A true and correct copy of the Substitute Trustee's Deed is attached hereto as Exhibit 4. Under its terms:

> Substitute Trustee, subject to any matters of record, and for the amount of sale paid by Buyer as consideration, grants, sells and conveys to Buyer, Buyer's heirs, executors, administrators, successors or assigns forever, the property together with all rights and appurtenances belonging to Grantor, Substitute Trustee hereby sell the above referenced property AS IS without any express or implied warranties, and hereby conveys the property to the purchaser at the purchaser's own risk, pursuant to the terms of Texas Property Code § 51.002 and § 51.009.

17. The Substitute Trustee's sale did not result in any material or substantial increase to the insured risk under the Policy. Both before and after the Substitute Trustee's Sale, Lakeview had a valid and substantial interest in the continued preservation of the Property against loss by fire or other hazards.

18. On November 28, 2022, the Property suffered a total fire loss.

19. The Policy was in full force and effect at the time of the fire loss.

20. Lakeview's interest at the time of the loss was its ownership of the Property.

**D. The Insurance Claim**

21. Lakeview submitted a timely claim for the fire loss to ARI under the Policy. All conditions and requirements under the Policy for making the claim were satisfied or waived.

22. Lakeview is entitled to recover under the Policy is its capacity as the insured mortgagee listed on the Declarations Page. The Policy provides that ARI "will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear." Policy, § 14.b. Lakeview "has the right to receive loss payment even if [Lakeview] has started foreclosure or similar action on the building or structure." *Id.*, § 14. Indeed, the Policy explicitly contemplates continuing coverage for a mortgagee-turned-owner, providing that "[i]f the property described under Coverage A (Dwelling) is foreclosed upon under the deed of trust, the mortgagee may cancel this policy of insurance and will be entitled to any unearned premiums from this policy." *Id.*, § 14.g. Thus, consistent with Texas law, Lakeview's rights continued under the policy after it became the owner at a foreclosure sale. *See Delta Lloyds Ins. Co. v. Sw. Sav. Ass'n*, 559 S.W.2d 372, 375 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.) (""[I]f the mortgagee, after foreclosure, claims coverage of losses occurring when it was the owner of the property at the time of the loss, it also has the owner's

obligations under the policy . . . ."). Lakeview was insured by ARI at the time of the loss, and ARI is required to honor the terms of its policy.

23. Lakeview is also entitled to recover under the Policy is its capacity as the Borrower's assignee of rights under the Policy in the event of a foreclosure sale of the Property resulting in the Lender's acquisition of title to the Property.

24. On July 24, 2023, ARI improperly and wrongfully denied Lakeview's claim on the faulty basis that Lakeview was required to notify it of Lakeview's alleged "change in ownership" from mortgagee to property owner, and that Lakeview had failed to do so. ARI did not deny Lakeview's claim because of any acts on the part of Elsie Castillo (the Named Insured shown on the Declarations Page of the Policy) or because Ms. Castillo had failed to comply with the terms of the Policy.

25. This was not a valid basis for denying Lakeview's claim because:

   a. The transactions described above would not be deemed a "change of ownership" under Texas insurance law;

   b. Lakeview had no such obligation under the Policy;

   c. Lakeview held legal title to the Property when the Policy was issued and the Substitute Trustee's Deed did not make any change in Lakeview's ownership of the legal title to the Property;

    d. The Substitute Trustee's Deed did not in any way diminish Lakeview's ownership interest — indeed, if anything, it was being enhanced, not lessened — thus Lakeview's vigilance in the care of the Property was not diminished because it was the only one who could possibly suffer by its destruction;

    e. The Substitute Trustee's Deed was a matter of public record because it was recorded in the real property records of Kaufman County, thus giving ARI notice of any change in ownership effected by the Substitute Trustee's Deed;

    f. The Policy did not specify a time within which notice should be given and ARI received notice of any change in ownership effected by the Substitute Trustee's Deed within a reasonable time in view of all the facts and circumstances of this particular case;

    g. Any change in ownership effected by the Substitute Trustee's Deed made no material or substantial increase to the insured risk, thus any failure by Lakeview to notify ARI of any change in ownership effected by the Substitute Trustee's Deed was not a material breach or default under the Policy; and

    h. Any failure by Lakeview to notify ARI of any change in ownership effected by the Substitute Trustee's Deed did not contribute to cause

the destruction of the Property, thus any failure to notify ARI of any change in ownership effected by the Substitute Trustee's Deed does not relieve ARI of its liability under the Policy.

26. Lakeview has retained the undersigned law firms and is obligated to pay its attorneys a reasonable fee for the services rendered on its behalf.

27. All conditions precedent to bringing this lawsuit have been met by Lakeview or have been waived. All proofs and notices which may be required for bringing the claims asserted herein have been timely and properly made.

## V.  Claims

### Count I — Breach of Contract

28. Lakeview incorporates its allegations in Paragraphs 1 through 27 as if fully set forth herein.

29. The Policy is a valid contract between Lakeview and ARI.

30. Lakeview is entitled to recover under the Policy for all direct physical loss to the Property caused by or resulting from the fire. Lakeview has fully performed under the Policy.

31. ARI has failed to comply with the Policy by failing and refusing to pay Lakeview the amount owed to it for its valid claim under the Policy.

32. Lakeview was damaged as a result of ARI's breach of the Policy.

33. Lakeview hereby sues ARI for all sums to which it is entitled under the Policy.

WHEREFORE, Lakeview requests entry of a judgment for damages against ARI, including interest, attorneys' fees, costs, and any other relief this Court deems proper.

**Count II — Violation of Chapter 541 of the Texas Insurance Code**

34. Lakeview incorporates its allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. Under TEX. INS. CODE § 541.060(a)(2)(A), a person engages in an unfair settlement practice by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."

36. ARI failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Lakeview's claim, although ARI's liability had become reasonably clear.

37. Lakeview was damaged as a result.

WHEREFORE, in accordance with TEX. INS. CODE §§ 541.151 & 541.152, Lakeview requests entry of a judgment for damages against ARI, including interest, attorneys' fees, costs, and any other relief this Court deems proper.

**Count III — Violation of Chapter 542 of the Texas Insurance Code**

38. Lakeview incorporates its allegations in Paragraphs 1 through 33 as if fully set forth herein.

39. Under Chapter 542 of the Texas Insurance Code, § 542.003, titled "Unfair Claim Settlement Practices Prohibited":

> (a) An insurer engaging in business in this state may not engage in an unfair claim settlement practice.
>
> (b) Any of the following acts by an insurer constitutes unfair claim settlement practices:
>
>> (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;
>>
>> (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy; …
>>
>> (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;
>>
>> (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder ….

40. ARI violated each of the above provisions, thus causing damages to Lakeview.

41. Lakeview gave proper and timely notice to ARI under § 542A.003(c)(2) of the Texas Insurance Code. Lakeview made demand for

payment to ARI under § 542A.003(c)(2) and ARI did not pay the debt. Notice was given in writing and under the proper timetable.

42. ARI received all items, statements, and forms reasonably requested and required, but delayed paying the valid claim for more than 60 days.

43. Lakeview was damaged as a result.

44. Lakeview hereby sues ARI for all damages it has sustained by reason of the above violations and seeks all relief to which it is entitled, including all applicable actual damages, additional damages, and penalty interest.

WHEREFORE, Lakeview requests entry of a judgment for damages against ARI, including interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees, costs, and any other relief this Court deems proper.

## VI.  Interest and Attorney's Fees

45. Lakeview seeks prejudgment interest under TEX. INS. CODE § 542.060 and any other applicable law.

46. Prosecution of the Lakeview's causes of action has necessitated the services of an attorney and the payment of or promise to pay a reasonable sum as attorney's fees for the preparation, trial, and any appeal of this case, a sum that the ARI should be ordered to pay to compensate the Lakeview. Lakeview is entitled to

attorneys' fees under TEX. CIV. PRAC. & REM. CODE § 38.001 et seq.; TEX. INS. CODE §§ 541.152(1), 542.004(c) & 542.060(b); and any other applicable law.

## VII. Prayer

For these reasons, Lakeview prays that ARI be summoned to appear and answer herein and that, upon final trial of this case, the Court enter judgment against ARI for:

a. All actual damages sustained by Lakeview, including its property loss due to the fire;

b. All actual and additional damages under § 541.152 of the Texas Insurance Code;

c. All actual and additional damages under Ch. 542 of the Texas Insurance Code;

d. Attorneys' fees;

e. Penalty interest as provided by law;

f. Prejudgment and postjudgment interest as provided by law;

g. Court costs; and

h. Any other relief the court determines is proper.

Lakeview further prays for such other and further relief to which it may show itself entitled, whether general or special, whether at law or in equity.

Dated: June 28, 2024.

Respectfully submitted,

*[signature]*

James A. McCorquodale
Texas State Bar No. 13464900
LAW OFFICE OF SANDY MCCORQUODALE, P.C.
12700 Hillcrest Road, Suite 125
Dallas, TX 75230
Tel. 214-712-4472
Fax 815-572-9448
Email: sandy@SMQLAW.com
*Attorneys for Plaintiff*

HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5120
Fax: (305) 372-2738
Charles Brumby
E-Mail: cbrumby@homerbonner.com
Georgia Bar No. 689777
Florida Bar No. 84054
(pro hac vice application forthcoming)
*Attorneys for Plaintiff*