IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAKEVIEW LOAN SERVICE,           §
                                 §
        Plaintiff,               §
                                 §
v.                               §          Civil Action No. 3:24-CV-1638-N
                                 §
AMERICAN RISK                    §
INSURANCE COMPANY,               §
                                 §
        Defendant.               §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant American Risk Insurance Company's ("ARI") motion for summary judgment [16] and Plaintiff Lakeview Loan Service's ("Lakeview") motion for partial summary judgment [19]. Because the Court concludes that Lakeview is not entitled to recover contractual damages from the insurance policy issued by ARI, the Court grants ARI's motion and denies Lakeview's motion. This Order addresses the overlapping substantive arguments of both motions.

## I. ORIGINS OF THE MOTION

In 2021, Elsie Castillo purchased a house with a mortgage approved by Lakeview's predecessor. Def.'s Mot. Summ. J. Br. 3 [16]. Castillo's Deed of Trust was assigned to Lakeview as the lender. *Id*. ARI issued an insurance policy to Castillo covering the property and listed Lakeview as an additional loss payee and mortgagee. *Id*. at 3. Castillo subsequently defaulted on her mortgage payments. *Id*. Lakeview foreclosed on the house and purchased the property at auction on September 20, 2022, for $220,000. *Id*. at 4; *see*

MEMORANDUM OPINION AND ORDER – PAGE 1

*also* Lakeview's Bid Proposal, Def.'s App 0189 [18].  Castillo did not vacate the premises after the foreclosure sale and Lakeview initiated eviction proceedings against her.  *Id*.  On November 28, 2022, the day that Castillo's eviction was scheduled, the property burned down, resulting in a total loss.  *Id*.

Lakeview submitted a claim to ARI for the fire loss, which ARI denied on July 24, 2023.  Pl.'s Resp. Br. ¶ 11 [26].  Lakeview brought this suit to recover the policy benefits.  ARI moved for summary judgment, arguing that Lakeview is not entitled to policy proceeds from the fire loss.  Lakeview moved for partial summary judgment, claiming that it was entitled to the proceeds because Castillo assigned the policy to Lakeview.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary

judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS ARI'S MOTION FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, ARI, as the movant, must show that no genuine issue of material fact exists, and that the undisputed facts entitle the company to judgment as a matter of law. The Court concludes that ARI has shown it is entitled to judgment as a matter of law on the breach of contract claim and the two claims alleging violations of the Texas Insurance Code. Accordingly, the Court grants ARI's motion for summary judgment and denies Lakeview's motion for partial summary judgment.

Under Texas law, a plaintiff must prove the following elements to prevail on a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Am. Gen. Life Ins. Co. v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010). In insurance cases, a plaintiff must prove that his damages are covered under the policy. *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988).

Here, the parties dispute the interpretation of the policy's mortgage clause. The Court finds that the policy unambiguously designated Lakeview as an additional loss payee and not an insured party entitled to coverage. Therefore, the Court grants summary judgment to ARI.

### A. Lakeview is Not Entitled to Recover Contractual Damages Under the Policy.

Lakeview is not entitled to recover any proceeds from Castillo's homeowner's insurance policy for two reasons: Lakeview was not an insured party on the policy and, even if it were, Castillo's mortgage debt to Lakeview was already satisfied by the proceeds of the foreclosure sale. *See* FHA Case Details and Lakeview's Bid Proposal, Def.'s App 0187–0189.

First, Lakeview was the mortgagee, not the insured. ARI issued a homeowner's insurance policy to Ms. Castillo and listed Lakeview as a mortgagee under a standard loss payee clause. A standard loss payee clause contains language establishing that "a mortgagee has rights to recover even when the insured does not." *SWE Homes, LP v. Wellington Ins. Co.*, 436 S.W.3d 86, 89 (Tex. App. — Houston [14th Dist.] 2014, no pet.).

MEMORANDUM OPINION AND ORDER – PAGE 4

Under the ARI policy, the mortgagee's right to receive payment is contingent upon (1) ARI first denying coverage to Castillo, the insured, and (2) Lakeview's compliance with the conditions of the mortgage clause. *Id*. at 90; *see also* Def.'s Mot. Summ. J. Br. 3 [16]. In part, the mortgage clause requires a mortgagee to notify ARI of "any change in ownership, occupancy or substantial change in risk known to the mortgagee. Failure of the mortgagee to comply with [the conditions of the mortgage clause] shall void this policy as to the interest of the mortgagee." ARI Insurance Policy, Def.'s App. 0017-0018. Thus, by failing to comply with the notice requirement of the mortgage clause, Lakeview lost its conditional interest in the policy.

Furthermore, Castillo no longer had a valid insurance policy with ARI at the time of the November fire loss. Castillo did not and could not file a policy claim with ARI for the fire loss because she lost her insurable interest in the property on the date of the foreclosure sale, September 20, 2022. *Jones v. Tex. Pac. Indem. Co.*, 853 S.W.2d 791, 795 (Tex. App.— Dallas 1993, no writ) (holding that homeowners became tenants at sufferance after a foreclosure sale of their property and no longer had a legal interest in the property). Between the date of the foreclosure sale and the fire loss on November 28, 2022, Lakeview became the primary owner of the property, severing Castillo's interests in the policy. *Id*. Thus, Lakeview's rights in the policy never vested. Even if ARI denied a valid claim filed by Castillo, the policy requires Lakeview to notify ARI of the change in ownership after it purchased the foreclosed property.

Lakeview incorrectly asserts that it was always the owner of the property because Lakeview was the named lender on Castillo's Deed of Trust and Castillo assigned her rights

to all insurance proceeds in accordance with the deed.  Pl.'s Mot. Br. 10-11 [19].  However, Lakeview held legal title under the Deed of Trust while Castillo retained equitable title in the property.  *Peterson v. Black*, 980 S.W.2d 818, 821 (Tex. App. — San Antonio 1998, no pet.) (holding that a foreclosure sale in accordance with state law transfers equitable title to the purchaser in the absence of a deed.)  Upon foreclosure, Lakeview divested Castillo of equitable title and gained a new ownership interest in the property.  Lakeview was never the owner or an insured party under Castillo's homeowner's insurance policy, simply because Lakeview held legal title in the property as Castillo's lender.

Second, Castillo's debt to the mortgagee was satisfied by the September foreclosure sale on the home. As a mortgagee, Lakeview's right to recover from the policy is limited to the indebtedness that the mortgagor owes to it, as secured by the mortgage.  *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 584 (Tex. App. — San Antonio 2002, pet. denied). Lakeview purchased the property at the auction sale for $220,000, which more than covered Castillo's unpaid principal balance of $201,014.50 at the time of foreclosure. Def.'s Reply Br. 4.  Lakeview contends that, as of the date of loss, Castillo had an outstanding debt of $27,901.22.  Pl.'s Resp. Br. [25].  Lakeview relies on an internal payoff calculation tool as evidence for this assertion.  Def.'s Reply Br. 4; *see also*, Def.'s App. 0189.  However, Lakeview's debt calculation is incorrect because Castillo's indebtedness was satisfied by the proceeds of the foreclosure sale on September 20, 2022.  FHA Case Details, Def.'s App. 0187.  Therefore, Castillo could not have accrued debt between the date of the foreclosure sale and the fire loss.  Even if Lakeview had complied with the

MEMORANDUM OPINION AND ORDER – PAGE 6

mortgage clause and sought proceeds from the policy, Lakeview would still not be entitled to recovery because Castillo's indebtedness was satisfied by the foreclosure sale.

### B. Lakeview's Extracontractual Texas Insurance Code Claims Fail.

Under TEX. INS. CODE § 541.060(a)(2)(A), a person engages in an unfair settlement practice by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Furthermore, section 542.003 prohibits an insurer from engaging in "an unfair claim settlement practice." The Texas Insurance Code also establishes that an insurer may only be liable for a violation of a subchapter of the Code if the insurer is also liable for a claim under an insurance policy. *Id.* § 542.060.

Because the Court has determined that Lakeview is not entitled to proceeds from the insurance policy and there was no breach of contract, it follows that ARI did not engage in an unfair settlement practice by denying the policy benefits to Lakeview. Thus, Lakeview does not have a viable claim under Texas Insurance Code § 541 or § 542.

### CONCLUSION

Because Lakeview failed to establish that it was entitled to any proceeds from the insurance policy, the breach of contract claim fails. Accordingly, the extracontractual claims which depend on a finding of liability also fail. For these reasons, the Court grants ARI's motion for summary judgment and denies Lakeview's motion for partial summary judgment.

Signed October 9, 2025.

David C. Godbey
Senior United States District Judge